IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


BILOXI FREEZING & PROCESSING,
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON
DEAN                                                    PLAINTIFFS

VS.                         CIVIL ACTION NO. 1:16-cv-301(DCB)(MTP)

MISSISSIPPI POWER COMPANY and
SOUTHERN COMPANY                                        DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiffs Biloxi
Freezing & Processing, Inc., Gulfside Casino Partnership, and John
Carlton Dean's Motion to Remand **(docket entry 22)**.[1]   Having
carefully considered the motion, the defendants' response, the
parties' memoranda and the applicable law, and being fully advised
in the premises, the Court finds as follows:

This action was commenced by the filing of the plaintiffs'
original Complaint on July 11, 2016, in the First Judicial District
of the Circuit Court of Harrison County, State of Mississippi.   On
August 12, 2016, the plaintiffs filed their First Amended Complaint
(hereafter "Complaint").   The Complaint asserts claims for (1)

---

[1] Also pending before the Court are defendant Mississippi
Power Company's Motion to Dismiss for Lack of Jurisdiction
**(docket entry 2)**, defendants Mississippi Power Company and
Southern Company's Motion to Dismiss for Failure to State a
Claim, or for Judgment on the Pleadings **(docket entry 5)**,
defendants Mississippi Power Company and Southern Company's
Motion to Stay Discovery **(docket entry 10)**, and defendant
Mississippi Power Company's Motion for Costs of Previously
Dismissed Action **(docket entry 12)**.

violations of the Mississippi Consumer Protection Act
("MCPA")(Miss. Code Ann. § 75-24-1, et seq.), (2) injunctive relief
under Mississippi law, (3) fraud and concealment under Mississippi
law, and (4) unjust enrichment under Mississippi law.

On August 12, 2016, the defendants removed the action to this
Court. The defendants also filed a Motion to Dismiss for Lack of
Subject Matter Jurisdiction, a Motion to Dismiss for Failure to
State a Claim or for Judgment on the Pleadings, and a Motion to
Stay Discovery. Defendant Mississippi Power Company also filed a
Motion for Costs of Previously Dismissed Action.

A defendant may effect proper removal of a case from state
court to federal district court where the action is one over which
the federal district court has original jurisdiction. See 28
U.S.C. § 1441(a). "If at any time before final judgment it appears
that the district court lacks subject matter jurisdiction, the case
shall be remanded." 28 U.S.C. § 1447(c). The removing party bears
the burden of establishing that a state court suit is properly
removable to federal court. Manguno v. Prudential Prop. & Cas.
Ins., 276 F.3d 720, 723 (5th Cir. 2002); see also Coury v. Prot, 85
F.3d 244, 248 (5th Cir. 1996)("[T]here is a presumption against
subject matter jurisdiction that must be rebutted by the party
bringing an action to federal court."). Doubts about the propriety
of removal are to be resolved in favor of remand. Manguno, 276
F.3d at 723. See also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S.

100, 108-109 (1941)(Congress intended to restrict jurisdiction of federal courts on removal and its "successive acts ... regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation."); Gash v. Hartford Accident & Indemnity Company, 491 F.3d 278, 281-282 (5th Cir. 2007)("The removal statute is ... to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand.").  "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." Palermo v. Letourneau Tech., Inc., 542 F.Supp.2d 499, 506 (S.D. Miss. 2008)(citing Willy v. Coastal Corp., 855 F.2d 1160, 1163-64 (5th Cir. 1988)).

Whether a federal question sufficient to confer jurisdiction on the federal court exists is resolved by application of the "well-pleaded complaint" rule.  See Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152-53 (1908).  Under this rule, the language of the plaintiff's complaint governs the jurisdictional inquiry: "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." Hart v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000)(citing Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10 (1983)); see also Anderson v. American Airlines, Inc., 2 F.3d 590, 593 (5th Cir. 1993)(If a question of federal law does not appear in

the complaint, then federal question jurisdiction does not exist and removal is improper). "The rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 (1987).

In addition, a case does not arise under federal law on the basis of an anticipated or even an inevitable federal defense. <u>See Carpenter v. Wichita Falls Independent School District</u>, 44 F.3d 362, 366 (5th Cir. 1995); <u>Franchise Tax Bd.</u>, 463 U.S. at 12 ("By unimpeachable authority, a suit brought upon a state statute does not arise under [federal law] because [it is] prohibited thereby"); <u>Hood v. AstraZeneca Pharm.</u>, LP, 744 F.Supp. 2d 590, 607 (N.D. Miss. 2010)("A necessary result of the well-pleaded complaint rule is that a defendant may not remove a case on the basis of a federal statutory or constitutional defense, even if the defense is anticipated in the complaint and both parties admit that the only question for decision is raised by the federal defense").

"'[F]ederal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" <u>Adams v. Gen. Motors Acceptance Corp.</u>, 307 F.Supp. 2d 812, 815-16 (N.D. Miss. 2004)(quoting <u>Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.</u>, 271 F.3d 186, 188 (5th Cir. 2001)). "'When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law,

thus defeating the defendant's opportunity to remove.'"   Id.
(quoting Medina v. Ramsey Steel Co., 238 F.3d 674, 680 (5th Cir.
2001)).

The plaintiffs do not include any federal causes of action in
their Complaint.   Rather, they   allege (1) violations of the
Mississippi Consumer Protection Act (Miss. Code Ann. §75-24-1, et
seq.), (2) injunctive relief under Mississippi law, (3) fraud and
concealment under Mississippi law, and (4) unjust enrichment under
Mississippi law.   Complaint, ¶¶ 74-97.   None of the plaintiffs'
state law causes of action rely on federal law for "a necessary
element" of their claims for relief thereunder.   See Empire
Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006);
Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 376 (2004)(civil
rights claim arose under Civil Rights Act because the cause of
action was "made possible by that Act").

The plaintiffs' Complaint explicitly states that the lawsuit
"does not implicate any Federal Energy Regulatory Commission
[("FERC")] tariff, order, regulation, or rule."   Complaint, p. 1.
The Complaint also disclaims any relevance to wholesale tariffs or
rates.   Id., pp. 1-2.   The law provides that such disclaimers are
to be credited in favor of remand.   See, e.g., Caldwell v. Am. Home
Prod. Corp., 210 F.Supp.2d 809, 811 (S.D. Miss. 2002)(remand
appropriate where plaintiff had disavowed federal claims); Petty v.
Gulf Guar. Ins. Co., 303 F.Supp.2d 815, 818 n.3 (N.D. Miss. 2003)

5

(same); <u>Lott v. Nationscredit Fin. Servs. Corp.</u>, 2004 WL 741681, at *3 (N.D. Miss. Feb. 5, 2004)(same).

The defendants contend that two sentences in the Complaint's prayer for relief "directly attack[] the Federal Energy Regulatory Commission's acceptance of Mississippi Power's operation of the [Kemper] Plant" and challenge federal tariffs, such that "a determination of this action necessarily involves the interpretation and enforcement of both the Federal Powers Act ["FPA"] and Federal Energy Regulatory Commission orders, rules and regulations." Notice of Removal, pp. 17-18. However, the Supreme Court previously rejected this approach in <u>Franchise Tax Bd.</u>, <u>supra</u>. In that case, the California state taxing authority requested damages for the defendants' failure to honor certain tax levies, and a declaration that defendants were "legally obligated to honor all future levies by the Board." <u>Id</u>. at 7. The defendant asserted that the federal Employment Retirement Income Security Act of 1974 (ERISA) preempted the state tax laws at issue, and that the trustees lacked power to honor the levies. <u>Id</u>. at 6-7. The Supreme Court held that federal jurisdiction was improper because California law was the sole textual basis of the complaint:

> California law establishes a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if appellant has made out a valid claim for relief under state law. ... The wellpleaded complaint rule was framed to deal with precisely such a situation. As we discuss above, since 1887 it has been settled law

6

that a case may not be removed to federal court on the
basis of a federal defense, including the defense of
preemption, even if the defense is anticipated in the
plaintiff's complaint, and even if both parties admit
that the defense is the only question truly at issue in
the case.

Id. at 13-14.  See also Mungin v. Florida E. Coast Ry. Co., 416
F.2d 1169, 1175 (5th Cir. 1969)("subject matter jurisdiction seldom
depends on the precise relief sought.  The caboose does not run the
train;" instead, relief depends "not on the prayer but on what the
facts show to be appropriate"); Louisville & Nashville R. Co. v.
Mottley, 211 U.S. at 152 (no federal jurisdiction over lawsuit for
specific performance of railroad's promise of free passes based on
railroad's defense that passes were banned under federal law);
Carpenter, 44 F.3d at 366 (state court complaint alleging free
speech right violations under Texas Constitution was not federal in
nature and district court lacked jurisdiction over complaint);
Palermo v. Letourneau Techs., Inc., 542 F.Supp. 2d 499, 510-11
(S.D. Miss. 2008)("the alleged preemptive effect of the LHWCA is
nothing more than a statutory defense to the plaintiffs' state law
cause of action.   Thus, the LHWCA does not provide LTI
[(Letorneau)] with a basis for removal of the plaintiffs' purely
state law claims"); Hood, 744 F.Supp.2d at 607 (pharmaceutical
companies could not establish federal question jurisdiction based
on assertion that state regulation implicated their First Amendment
rights); Anderson v. Nissan Motor Acceptance Corp., 326 F.Supp. 2d
760, 763-764 (S.D. Miss. 2003)(remanding, holding that suit against

lender and auto dealers for inducing financing at inflated rates and in a manner that discriminated against African-American buyers was beyond federal question jurisdiction where plaintiff had elected not to assert federal claims); Walker v. Atwood Chevrolet-Olds, Inc., 189 F.Supp.2d 594, 598 (S.D. Miss. 2001)(explaining that, when a plaintiff's claim may be stated under either federal or state law, the plaintiff as master of the complaint may choose to forego the federal question and pursue only state law claims to preserve the state forum); Owens ex rel. Owens v. Catholic Diocese of Jackson, Mississippi, 169 F.Supp.2d 588, 591-592 (S.D. Miss. 2001)(finding that the plaintiffs exercised their prerogative as masters of the complaint to forego pleading claims under federal civil rights law and instead relied solely on state law, making remand necessary, and noting that state court was in a better position to determine whether the plaintiffs' state law claim was viable); Adams, 542 F.Supp.2d at 815-16 (remanding and rejecting the defendant's argument that because state law provided no cause of action for race discrimination relating to allegations the plaintiffs were charged higher rates for car loans, the plaintiffs' claims must be regarded as federal claims under the federal Equal Credit Opportunity Act).

The defendants' argument that federal laws will govern the adjudication of the plaintiffs' state law claims is indistinguishable from those cases in which courts have found

federal jurisdiction lacking.  See, e.g., <u>Franchise Tax Bd.</u>, 463 U.S. at 13-14; <u>Palermo</u>, 542 F.Supp.2d at 510-11; <u>Carpenter</u>, 44 F.3d at 366; <u>Hood</u>, 744 F.Supp.2d at 607.  Therefore, no federal question is implicated in the rights asserted by the plaintiffs.  See <u>Singh v. Duane Morris LLP</u>, 538 F.3d 334, 337-38 (5th Cir. 2008)("A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."); <u>New Orleans Public Service v. City of New Orleans</u>, 782 F.2d 1236, 1240 (5th Cir. 1986)(a case "arises under" federal law when "in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law").

In this case, the plaintiffs' requests for the appointment of a receiver to take over management of the Kemper plant (FAC at ¶98(c)) and an order revoking the defendants' licenses and permits (FAC at ¶98(d)) are not dependent on the Federal Powers Act, any Federal Energy Regulatory Commission orders, rules or regulations, or other enactment of federal law.  In fact, both remedies are provided for under <u>state</u> law.  See Miss. Code Ann. § 75-24-11.  Specifically, section 75-24-11 provides that "[t]he court may make such additional orders or judgments, including restitution, as may be necessary to restore to any person in interest any monies or

property, real or personal, which may have been acquired by means of any practice prohibited by this chapter, including the appointment of a receiver or the revocation of a license or certificate authorizing that person to engage in business in this state, or both." Id. The defendants' argument that the plaintiffs' access to this remedy should be foreclosed by a federal scheme is "nothing more than a statutory defense to the plaintiffs' state law cause of action," see Palermo, 542 F.Supp.2d at 510, and therefore is insufficient to trigger federal jurisdiction.

In addition, the defendants have not pointed to anything unique about FERC or energy regulation that transforms the present litigation into a federal case. See, e.g., Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 891 (7th Cir. 2013)("[N]early all of the other courts that have considered the question [have] conclude[d] that the [FPA] does not completely preempt state law. ... [F]ederal law leaves a role for state law in wholesale power regulation."); Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 919 (8th Cir. 2009)("FERC's limited authority to review the rates of non-jurisdictional utilities does not transform every adjudication implicating a non-jurisdictional utility's rate, 'rule, regulation, practice or contract' ... into a federal question simply because that decision may at some point in the future affect the rates of a jurisdictional utility.")(quoting 16

10

U.S.C. § 824e(a)).

Furthermore, the defendants cannot contend that federal subject matter jurisdiction exists simply because this case allegedly touches on the FPA, which they argue preempts the plaintiffs' state law claims.  It is well-established law that neither the FPA nor the "filed rate doctrine" completely preempt state law, especially when the case involves properly pled state law claims.  See Wabash Valley Power, 707 F.3d at 893-94, 896.  For the same reason, it cannot be argued that the Complaint dodges necessary federal issues by "artful pleading."  The artful pleading doctrine "applies only where state law is subject to complete preemption."  Bernhard v. Whitney Nat. Bank, 523 F.3d 546, 551 (5th Cir. 2008); see also Jamison v. Purdue Pharma Co., 251 F. Supp. 2d 1315, 1325 (S.D. Miss. 2003)("[w]ithout complete preemption, the artful pleading doctrine does not apply.")  The only federal statutes that completely preempt state law are the Labor Management Relations Act, the Employee Retirement Security Act, and the National Bank Act.  Austin v. Provident Bank, 2005 WL 1785285, at *6 (N.D. Miss. July 26, 2005).  FERC itself recognizes the role of state laws in resolving property disputes.  Id. at 896-97 (stating that "FERC itself recognizes a role for state contract law in adjudicating contract disputes involving federal tariffs," and reaching this conclusion by citing to several FERC license orders).

The Court finds that the defendants' reliance on California ex

11

Rel. Lockyer v. Dynegy, Inc., 375 F.3d 831 (9th Cir. 2004), is misplaced. "Dynegy does not point to the existence of federal question jurisdiction" where the plaintiffs' claims are based on obligations imposed by state law and not their obligations under any FERC tariff. Monforte Expl. L.L.C. v. ANR Pipeline Co., 2010 WL 143712, at *5 (S.D. Tex. Jan. 7, 2010)(remanding natural gas producer's claim against pipeline company despite pipeline company's operational flow order being issued pursuant to its FERC tariff, because producer's claim required only consideration of state law and did not arise under federal law). In Dynegy, the Ninth Circuit found that federal law was the basis of the plaintiff's state law claim, stating that "[a]bsent a violation of the FERC-filed tariff, no state law liability could survive." Dynegy, 375 F.3d at 841. In contrast, the state law claims in the case sub judice are independent of any federally-imposed duties; therefore, federal law does not serve as the basis for any of the claims alleged. See Louisiana Power & Light Co. v. Ackel, 616 F.Supp. 445, 447 (M.D. La. 1985)("Jurisdiction under the Federal Power Act, 16 U.S.C. § 825p is lacking because this is not an action 'brought to enforce any liability or duty created by, or to enjoin any violation' of any order of the Federal Energy Regulatory Commission.").

Even if this Court were to accept the defendants' premise that the FPA and FERC have some application to this lawsuit, these

provisions (according to the defendants) would apply, at best, to a mere two sentences of the Complaint that simply describe two distinct remedies (not claims) among others sought in the Complaint, and that relate only to one of the four causes of action alleged. Complaint, ¶¶ 98(c)-(d).  The defendants fail to show that federal questions apply to the remaining three causes of action relying exclusively on state law, or to the plaintiffs' other remedies.

Because the plaintiffs plead only state-law claims, this case is not preempted by the FPA and it should be remanded to state court.  In addition, a closer examination of the provisions of the FPA cited in the defendants' Removal Petition reveals that the Court lacks federal subject matter jurisdiction.

The FPA provides:

> The provisions of this subchapter shall apply to the transmission of electric energy in interstate commerce and to the sale of electric energy at wholesale in interstate commerce, but except as provided in paragraph (2) shall not apply to any other sale of electric energy or deprive a State or State commission of its lawful authority now exercised over the exportation of hydroelectric energy which is transmitted across a State line. The Commission shall have jurisdiction over all facilities for such transmission or sale of electric energy, but shall not have jurisdiction, except as specifically provided in this subchapter and subchapter III of this chapter, over facilities used for the generation of electric energy or over facilities used in local distribution or only for the transmission of electric energy in intrastate commerce, or over facilities for the transmission of electric energy consumed wholly by the transmitter.

16 U.S.C. § 824(B)(1).  As the Supreme Court has explained:

> In the Federal Power Act there is a separation of those subjects which remain under the jurisdiction of the states from those subjects which the Constitution delegates to the United States and over which Congress vests the Federal Power Commission with authority to act. To the extent of this separation, the Act establishes a dual system of control. The duality of control consists merely of the division of the common enterprise between two cooperating agencies of Government, each with final authority in its own jurisdiction.

First Iowa Hydro-Elec. Co-op. v. Fed. Power Comm'n, 328 U.S. 152, 167 (1946). Therefore, the FPA does not create federal question jurisdiction in this case.

The FPA authorizes FERC to regulate the sale of electric energy at wholesale in interstate commerce. F.E.R.C. v. Elec. Power Supply Ass'n, 136 S.Ct. 760 (2016), as revised (Jan. 28, 2016). "FERC has jurisdiction over both the interstate transmission of electricity and the sale of electricity at wholesale in interstate commerce. States retain jurisdiction over retail sales of electricity and over local distribution facilities." Niagara Mohawk Power Corp. v. F.E.R.C., 452 F.3d 822, 824 (D.C. Cir. 2006). Moreover, "FERC cannot take an action transgressing that limit [i.e., the limit on regulating retail electricity] no matter how direct, or dramatic, its impact on wholesale rates." Elec. Power Supply Ass'n, 136 S. Ct. at 775.

In this case, because the plaintiffs are not wholesale customers, the FPA is irrelevant to the plaintiffs' claims.

The defendants also claim that "a negative decision impacting retail rates could potentially implicate the price squeeze doctrine

as it relates to wholesale rates, an independent federal question." Notice of Removal, p. 19 n.7.  However, that a decision "could potentially implicate" a federal doctrine is not a ground for removal because it does not necessarily raise federal issues.  Were this the standard, the federal courts would have virtually unbridled jurisdiction, as it is difficult to imagine any case not "potentially implicating" a federal doctrine.

The flaw in the defendants' argument is revealed in <u>Fed. Power Comm. v. Con-Way Corp.</u>, 426 U.S. 271 (1976).  <u>Con-Way</u> answered the question, "When a power company that sells electricity at both wholesale and retail seeks to raise its wholesale rates, does the Federal Power Commission ... have jurisdiction to consider the allegations of the company's wholesale customers that the proposed wholesale rates, which are within the Commission's jurisdiction, are discriminatory and noncompetitive when considered in relation to the company's retail rates, which are not within the jurisdiction of the Commission?"  <u>Id</u>. at 272-73.  In that case, a utility that sold both wholesale and retail electricity sought to raise wholesale rates, but was opposed by wholesale customers that argued the utility was trying to squeeze them out of competition. <u>Id</u>. at 273-274.  At issue was a tension between the Federal Power Commission's ability to prohibit discriminatory or preferential rates and its lack of authority to set retail rates.  <u>Id</u>. at 277. As the Supreme Court explained, "[t]he Commission has no power to

prescribe the rates for retail sales of power companies. Nor, accordingly, would it have power to remedy an alleged discriminatory or anticompetitive relationship between wholesale and retail rates by ordering the company to increase its retail rates." Id. Both wholesale rates and retail rates could be reasonable when considered independently, but in combination the rates could be discriminatory. Id. at 278. The Supreme Court concluded that the Commission, while lacking authority to regulate retail rates, could properly consider retail rates as facts in making its decision on the wholesale rate increase. Id. at 279-80.

The regulation the defendants cite, 18 CFR § 2.17, was implemented to create a regulatory process to consider the price squeeze issue in Con-Way. It provides that "[a]ny wholesale customer, state commission or other interested person may file petitions to intervene alleging price discrimination and anticompetitive effects of the wholesale rates." 18 CFR § 2.17(a).

In the case sub judice, the plaintiffs' Complaint could not possibly "necessarily raise federal issues" relating to the price squeeze doctrine. Notice of Removal, p. 4. The defendants' proposed connection between the two is tenuous. First, the plaintiffs would have to receive a judgment that causes the defendants to reduce their retail rates. Next, a different party (presumably a wholesale electricity buyer) would have to file a petition with FERC alleging that Defendants' wholesale rates are

16

competitively high.   This wholesaler would then have to use the
lowered retail rate as a fact to support its argument that the
defendants were performing a price squeeze with their improperly
high <u>wholesale</u> rates.   The defendants' contention that the price
squeeze doctrine creates federal jurisdiction is therefore highly
speculative and unlikely.

The defendants claim that "it is clear from [the plaintiffs']
complaint that the rates (both retail and wholesale customers) have
[paid] and will pay are precisely the 'damages' Plaintiffs allege."
Notice of Removal, p. 19.   However, the plaintiffs are retail
customers.   They did not purchase power from a wholesale customer
of the defendants, and have explicitly stated that they do not seek
damages for wholesale customers.   Complaint, p. 2.   As noted above,
these disclaimers must be credited.   Similarly, the defendants
claim that the relief the plaintiffs seek "would flow to <u>all</u>
ratepayers wholesale and retail and cannot be limited to just the
three Plaintiffs themselves."   Notice of Removal, p. 20.   However,
the defendants offer no explanation of why this is true.

Furthermore, the plaintiffs are not challenging a Cost-Based
Tariff filed with FERC.   Under 16 U.S.C. § 824, FERC does not have
jurisdiction over the retail rates at issue in this case and the
relief the plaintiffs seek does not hinge on the determination of
any federal law or regulation.   As noted above, FERC only has
authority over wholesale rates and retail rates are left to the

17

State of Mississippi to regulate.  See, e.g., Niagara Mohawk Power
Corp., 452 F.3d at 824 ("States retain jurisdiction over retail
sales of electricity and over local distribution facilities.").

       The defendants attempt to invoke miscellaneous "arising under"
jurisdiction, for cases in which federal issues are embedded in
state law claims under Grable & Sons Metal Prods., Inc. v. Darue
Eng'g & Mfg., 545 U.S. 308 (2005), but their attempt fails.  As a
preliminary matter, although the defendants contend the basis for
federal jurisdiction described in Grable is broad and applies to a
plethora of federal issues, in reality, the federal question
jurisdiction created by Grable only applies to a "special and small
category" of cases.  See Empire Healthchoice Assur. v. McVeigh, 547
U.S. 677, 699 (2006).  The road to federal question jurisdiction is
"very narrow" and subject to multiple limitations.  See HC Servs.,
Inc. v. Hiller Investments, Inc., 2007 WL 1032362, at *5 (S.D.
Miss. Mar. 30, 2007).  Moreover, Grable jurisdiction does not apply
for at least five reasons.

       **First**, the defendants' theories for Grable jurisdiction are
still subject to the "well-pleaded complaint" rule and, as
explained above, fail because these theories at best state federal
defenses to a state cause of action.  See, e.g., Venable v.
Louisiana Workers' Comp. Corp., 740 F.3d 937, 943 (5th Cir. 2013)
("Even assuming arguendo the district court was correct that [the
complaint] raises a substantial federal issue for purposes of

                                    18

Grable, the well-pleaded-complaint rule forecloses federal-question jurisdiction"); Am. Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 544 (5th Cir. 2012)(where federal issue was not reflected in the complaint, case "failed to satisfy the first prong of the Grable test"); see also Gardens Pharmacy, LLC v. Lyons, 2016 WL 1572991, at *2 (S.D. Miss. Apr. 19, 2016).  None of the issues identified by the defendants in paragraphs 30 to 32 of their Removal Petition arise under the plaintiffs' Complaint; instead, all of them are in the manner of defenses.  The Court cannot find jurisdiction under any of defendants' theories by operation of the "well pleaded complaint" rule.

**Second**, the defendants' theories also fail the substantiality test under Grable.  There is "a constant refrain" in the case law recognizing the "substantial federal question" doctrine, that "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable, 545 U.S. at 313 (emphasis added); see also Venable v. Louisiana Workers' Comp. Corp., 740 F.3d 937, 943 (5th Cir. 2013) ("A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

Substantiality analysis asks: "'(1) whether the case includes a federal agency, and particularly, whether that agency's

compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases.'" Bd. of Comm'rs of the S.E. Louisiana Flood Prot. Auth.-East v. Tennessee Gas Pipeline Co., LLC, 29 F.Supp.3d 808, 861 (E.D. La. 2014) (quoting Mikulski v. Centerior Energy Corp., 501 F.3d 555, 570 (6th Cir.2007)).

Here, neither FERC nor any other federal agency is a party to the case; therefore, the first factor weighs against substantiality.  Nor are the federal questions offered by the defendants "important," because "it is not enough that the federal issue be significant to the particular parties in the immediate suit .... The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Gunn v. Minton, 133 S. Ct. 1059, 1066 (2013).  The matters alleged by the defendants relate to this particular dispute, and not to the federal system as a whole; therefore, the second factor weighs against substantiality.  Nor will a decision on the federal question resolve the case.  The mere fact that a state court must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction. See, e.g., Welch v. Oak Grove Land Co., 2008 WL 3874549, at *6

(S.D. Miss. Aug. 14, 2008).  In addition, the alleged federal question addresses only two remedies (receivership and revocation of license) pertaining to one cause of action - for violation of the Mississippi Consumer Protection Act.  The defendants make no serious argument that the remainder of the case (i.e., the plaintiffs' other remedies and their three remaining causes of action) create federal question jurisdiction.  Therefore, the third factor weighs against substantiality.  Finally, the decision as to the federal question would only be relevant to the adjudication of this case.  Therefore, all four factors weigh against substantiality and against federal jurisdiction.

Third, the Grable holding is limited to situations that present a "pure issue of law."  McVeigh, 547 U.S. at 681.  By contrast, where the federal issue is "fact-bound" and "situation specific," it does not give rise to federal question jurisdiction.  Cmty. Place v. Mid S. Rehab Servs., Inc., 43 F.Supp. 3d 687, 693 (S.D. Miss. 2014)(citing McVeigh, 547 U.S. at 701; Singh v. Duane Morris LLP, 538 F.3d 334, 339 (5th Cir. 2008)).  The defendants' arguments as to what issues create federal question jurisdiction, such as whether revoking the defendants' authority and licenses undermines FERC orders or constitutes a taking (Notice of Removal, ¶ 30(2)), whether appointment of a receiver is consistent with the Southern Company System Intercompany Interchange Contract or is reasonable (Notice of Removal, ¶ 30(3)), whether the plaintiffs'

proposed remedy is an unlawful, unjust and confiscatory rate (Notice of Removal, ¶ 30(5)), and whether the defendants' conduct conformed with FERC regulations (Notice of Removal, ¶ 30(6)), etc., are all inherently "fact-bound" and "situation-specific" analyses that do not fit within the rubric of Grable.

**Fourth**, to exercise Grable jurisdiction, the Court must determine whether it can entertain the lawsuit without "disturbing any congressionally approved balance of federal and state responsibilities," a determination that hinges on the importance of having a federal forum decide the issue.  Grable, 345 U.S. at 314. Here, while the FPA grants FERC authority to regulate the interstate wholesaling of electricity and FERC jurisdiction is exclusive, "[o]n the other hand, the states retain their traditional police power to regulate intrastate retail electricity sales."  New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 833 F.2d 583, 586 (5ᵗʰ Cir. 1987).  Therefore, there is no urgent or pressing need to have a federal court decide these issues because Mississippi courts are capable of applying federal law if necessary to adjudicate the state law claims.  See Monforte Expl. L.L.C. v. ANR Pipeline Co., 2010 WL 143712, at *4 (S.D. Tex. Jan. 7, 2010)("While federal law may well be relevant in resolving the state law claim in this action, a Texas state court is competent to apply federal law").

**Fifth**, that there is no private right of action available

under the FPA, while not by itself dispositive, does weigh heavily in favor of remand in that there is no private right of action available under the FPA that affords the plaintiffs the same remedy as that available under state law. See Budget Prepay, Inc. v. AT&T Corp., 605 F.3d 273, 280-81 (5th Cir. 2010); Johnson v. Deutsche Bank Nat. Trust Co., 2015 WL 144924, at *4 (S.D. Miss. Jan. 12, 2015); see also Huey ex rel. Estate of Young v. Duke Energy Carolinas, LLC, 2009 WL 1743904, at *1 (D. S.C. June 18, 2009) ("FERC regulations do not grant a private cause of action. Indeed, a private right of action would be redundant, as FERC regulations allow for any person to file a complaint with FERC for violation of any regulation")(internal quotations omitted). Section 825 states that federal district courts shall have "exclusive jurisdiction" over "all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of [the FPA] or any rule, regulation, or order thereunder," but section 825p does not create a "cause of action or substantial federal interest required for federal-question jurisdiction." Columbia Gas Transmission, LLC v. Singh, 707 F.3d 583, 591 (6th Cir. 2013). As the Supreme Court has noted, if "exclusive jurisdiction" is given to the federal courts by a statute, "it is 'exclusive' only for suits that may be brought in the federal courts. Exclusiveness is a consequence of having jurisdiction, not the generator of jurisdiction, because of which state courts are excluded." Pan Am.

23

<u>Petroleum Corp. v. Superior Court of Del.</u>, 366 U.S. 656, 664 (1961). Accordingly, the plaintiffs' claims cannot be brought in federal court.

For the foregoing reasons, the Court finds that any federal interest in this action is not substantial enough to sustain federal question jurisdiction under 28 U.S.C. § 1331; therefore, the plaintiffs' Motion to Remand shall be granted and this case shall be remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership, and John Carlton Dean's Motion to Remand **(docket entry 22)** is GRANTED;

FURTHER ORDERED that an Order of Remand to the Circuit Court of Harrison County, First Judicial District, shall issue of even date herewith;

FURTHER ORDERED that in light of the remand, the remaining motions in this case (defendant Mississippi Power Company's Motion to Dismiss for Lack of Jurisdiction **(docket entry 2)**, defendants Mississippi Power Company and Southern Company's Motion to Dismiss for Failure to State a Claim, or for Judgment on the Pleadings **(docket entry 5)**, defendants Mississippi Power Company and Southern Company's Motion to Stay Discovery **(docket entry 10)**, and defendant Mississippi Power Company's Motion for Costs of Previously

24

Dismissed Action **(docket entry 12)**) are deemed MOOT.

SO ORDERED, this the 17th day of November, 2016.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE